# United States District Court

## District of Utah



**D. Mark Jones**
Clerk of Court

**Louise S. York**
Chief Deputy Clerk

September 28, 2015

Zachary E. Peterson
RICHARDS BRANDT MILLER NELSON
PO BOX 2465
299 S MAIN ST 15TH FL
SALT LAKE CITY, UT 84110-2465

and Counsel of Record

RE:   NOTICE OF APPEAL
        Coleman v. Utah State Charter School Board et al
        Plaintiff/Appellee Defendant/appellant
        Lower Docket: 2:10-cv-01186-TC

The notice of appeal for this case has been filed.

**RETAINED** Counsel for the appellant is instructed to download the "Initial Appeal Documents and Instructions" for this appeal from www.ca10.uscourts.gov. Please follow the instructions for Transcript Order Form and Docketing Statement (for appellant only) regarding counsel's responsibility for compliance. For specific requirements concerning transcripts, records on appeal, briefs and appendices to briefs, please refer to the Federal Rules of Appellate Procedure and the Rules of the Tenth Circuit Court of Appeals. Rules of the Tenth Circuit are available at www.ca10.uscourts.gov.

Counsel and the Tenth Circuit will receive the following via CM/ECF (If counsel or party are not e-filers, they will receive these documents by mail): Order/Judgment being appealed from, Notice of Appeal, Letter of Transmission of the Preliminary Record on Appeal, Docket Sheet.

Sincerely,

D. Mark Jones, Clerk

By:/s/

Jennifer Richards
Generalist Clerk

DMJ:jmr

**cc**: Clerk, U.S. Court of Appeals, Tenth Circuit        Judge Tena Campbell
Court Reporter: Ray Fenlon, Patti Walker        District: 1088
Division: Central
Jurisdiction: Federal Question

APPEAL,CLOSED

# US District Court Electronic Case Filing System
## District of Utah (Central)
## CIVIL DOCKET FOR CASE #: 2:10–cv–01186–TC

Coleman v. Utah State Charter School Board et al

Assigned to: Judge Tena Campbell

Case in other court:  3rd District Court, Salt lake County,
                                   100920935

Cause: 28:1441 Notice of Removal

Date Filed: 12/02/2010

Date Terminated: 09/02/2015

Jury Demand: Plaintiff

Nature of Suit: 440 Civil Rights: Other

Jurisdiction: Federal Question

**Plaintiff**

**Kim Fitzpatrick Coleman**
*an individual*

represented by **Gary L Johnson**
RICHARDS BRANDT MILLER
NELSON
PO BOX 2465
299 S MAIN ST 15TH FL
SALT LAKE CITY, UT 84110–2465
(801)531–2000
Email: gary–johnson@rbmn.com
*ATTORNEY TO BE NOTICED*

**Michael J. Howell**
MASCHOFF BRENNAN PLLC
201 S MAIN ST STE 600
SALT LAKE CITY, UT 84111
(435)252–1360
Email: mhowell@mabr.com
*ATTORNEY TO BE NOTICED*

**Zachary E. Peterson**
RICHARDS BRANDT MILLER
NELSON
PO BOX 2465
299 S MAIN ST 15TH FL
SALT LAKE CITY, UT 84110–2465
(801)531–2000
Email: zachary–peterson@rbmn.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Utah State Charter School Board**
*TERMINATED: 03/14/2012*

represented by **David V. Pena**
SALT LAKE COUNTY DISTRICT
ATTORNEY'S OFFICE (2001–3600)
2001 S STATE STE S3–600
SALT LAKE CITY, UT 84190–1210
(385)468–7757

Email: dpena@slco.org

**Rebecca S. Parr**
UTAH ATTORNEY GENERAL'S
OFFICE (160–6–140856)
LITIGATION UNIT
160 E 300 S 6TH FL
PO BOX 140856
SALT LAKE CITY, UT 84114–0856
(801)366–0100
Email: rparr@utah.gov
*ATTORNEY TO BE NOTICED*

**Richard D. Bissell**
SALT LAKE COUNTY DISTRICT
ATTORNEY'S OFFICE (2001–3600)
2001 S STATE STE S3–600
SALT LAKE CITY, UT 84190–1210
(385)468–7753
Email: rbissell@slco.org
*ATTORNEY TO BE NOTICED*

**Timothy D. Evans**
UTAH ATTORNEY GENERAL'S
OFFICE (160–6–140856)
LITIGATION UNIT
160 E 300 S 6TH FL
PO BOX 140856
SALT LAKE CITY, UT 84114–0856
(801)366–0100
Email: tevans@utah.gov
*ATTORNEY TO BE NOTICED*

**Defendant**

**Marlies Burns**                    represented by   **Erin T. Middleton**
*an individual*                                       BALLARD SPAHR LLP (UT)
                                                      201 S MAIN STE 800
                                                      SALT LAKE CITY, UT 84111–2221
                                                      (801)531–3042
                                                      Email: middletone@ballardspahr.com
                                                      *LEAD ATTORNEY*
                                                      *ATTORNEY TO BE NOTICED*

                                                      **Jason D. Boren**
                                                      BALLARD SPAHR LLP (UT)
                                                      201 S MAIN STE 800
                                                      SALT LAKE CITY, UT 84111–2221
                                                      (801)517–6827
                                                      Email: borenj@ballardspahr.com
                                                      *LEAD ATTORNEY*
                                                      *ATTORNEY TO BE NOTICED*

**Zaven A. Sargsian**
BALLARD SPAHR LLP (UT)
201 S MAIN STE 800
SALT LAKE CITY, UT 84111–2221
(801)531–3000
Email: sargsianz@ballardspahr.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**David V. Pena**
(See above for address)

**Rebecca S. Parr**
(See above for address)
*TERMINATED: 04/30/2015*
*ATTORNEY TO BE NOTICED*

**Richard D. Bissell**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Timothy D. Evans**
(See above for address)
*TERMINATED: 04/30/2015*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Brian Allen**                    represented by   **Daniel R. Widdison**
*an individual*                                    UTAH ATTORNEY GENERAL'S
                                                   OFFICE (160–6–140856)
                                                   LITIGATION UNIT
                                                   160 E 300 S 6TH FL
                                                   PO BOX 140856
                                                   SALT LAKE CITY, UT 84114–0856
                                                   (801)366–0100
                                                   Email: dwiddison@utah.gov
                                                   *TERMINATED: 04/30/2015*
                                                   *LEAD ATTORNEY*
                                                   *ATTORNEY TO BE NOTICED*

                                                   **Erin T. Middleton**
                                                   (See above for address)
                                                   *LEAD ATTORNEY*
                                                   *ATTORNEY TO BE NOTICED*

                                                   **Jason D. Boren**
                                                   (See above for address)
                                                   *LEAD ATTORNEY*
                                                   *ATTORNEY TO BE NOTICED*

                                                   **Zaven A. Sargsian**
                                                   (See above for address)

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**David V. Pena**
(See above for address)

**Rebecca S. Parr**
(See above for address)
*TERMINATED: 04/30/2015*
*ATTORNEY TO BE NOTICED*

**Richard D. Bissell**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Timothy D. Evans**
(See above for address)
*TERMINATED: 04/30/2015*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Tom Morgan**                          represented by   **Daniel R. Widdison**
*an individual*                                          (See above for address)
                                                         *TERMINATED: 04/30/2015*
                                                         *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*

                                                         **Erin T. Middleton**
                                                         (See above for address)
                                                         *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*

                                                         **Jason D. Boren**
                                                         (See above for address)
                                                         *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*

                                                         **Zaven A. Sargsian**
                                                         (See above for address)
                                                         *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*

                                                         **David V. Pena**
                                                         (See above for address)

                                                         **Rebecca S. Parr**
                                                         (See above for address)
                                                         *TERMINATED: 04/30/2015*
                                                         *ATTORNEY TO BE NOTICED*

                                                         **Richard D. Bissell**
                                                         (See above for address)

4

*ATTORNEY TO BE NOTICED*

**Timothy D. Evans**
(See above for address)
*TERMINATED: 04/30/2015*
*ATTORNEY TO BE NOTICED*

**Defendant**

| | | |
|---|---|---|
| **Julie Adamic** | represented by | **Daniel R. Widdison** |

*an individual*
*also known as*
Julie Agamic

(See above for address)
*TERMINATED: 04/30/2015*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Erin T. Middleton**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jason D. Boren**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Zaven A. Sargsian**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**David V. Pena**
(See above for address)

**Rebecca S. Parr**
(See above for address)
*TERMINATED: 04/30/2015*
*ATTORNEY TO BE NOTICED*

**Richard D. Bissell**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Timothy D. Evans**
(See above for address)
*TERMINATED: 04/30/2015*
*ATTORNEY TO BE NOTICED*

**Defendant**

| | | |
|---|---|---|
| **Yolanda Francisco–Nez** | represented by | **Daniel R. Widdison** |

*an individual*

(See above for address)
*TERMINATED: 04/30/2015*
*LEAD ATTORNEY*

*ATTORNEY TO BE NOTICED*

**Erin T. Middleton**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jason D. Boren**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Zaven A. Sargsian**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**David V. Pena**
(See above for address)

**Rebecca S. Parr**
(See above for address)
*TERMINATED: 04/30/2015*
*ATTORNEY TO BE NOTICED*

**Richard D. Bissell**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Timothy D. Evans**
(See above for address)
*TERMINATED: 04/30/2015*
*ATTORNEY TO BE NOTICED*

**Defendant**

| | | |
|---|---|---|
| **Scott Smith**<br>*an individual* | represented by | **Daniel R. Widdison**<br>(See above for address)<br>*TERMINATED: 04/30/2015*<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

**Erin T. Middleton**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jason D. Boren**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Zaven A. Sargsian**

(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**David V. Pena**
(See above for address)

**Rebecca S. Parr**
(See above for address)
*TERMINATED: 04/30/2015*
*ATTORNEY TO BE NOTICED*

**Richard D. Bissell**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Timothy D. Evans**
(See above for address)
*TERMINATED: 04/30/2015*
*ATTORNEY TO BE NOTICED*

**Defendant**

**John Pingree**                    represented by   **Daniel R. Widdison**
*an individual*                                      (See above for address)
                                                     *TERMINATED: 04/30/2015*
                                                     *LEAD ATTORNEY*
                                                     *ATTORNEY TO BE NOTICED*

**Erin T. Middleton**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jason D. Boren**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Zaven A. Sargsian**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**David V. Pena**
(See above for address)

**Rebecca S. Parr**
(See above for address)
*TERMINATED: 04/30/2015*
*ATTORNEY TO BE NOTICED*

**Richard D. Bissell**

(See above for address)
*ATTORNEY TO BE NOTICED*

**Timothy D. Evans**
(See above for address)
*TERMINATED: 04/30/2015*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Tim Beagley**                           represented by   **David V. Pena**
*an individual*                                          (See above for address)
*TERMINATED: 03/14/2012*

                                                         **Rebecca S. Parr**
                                                         (See above for address)
                                                         *ATTORNEY TO BE NOTICED*

                                                         **Richard D. Bissell**
                                                         (See above for address)
                                                         *ATTORNEY TO BE NOTICED*

                                                         **Timothy D. Evans**
                                                         (See above for address)
                                                         *ATTORNEY TO BE NOTICED*

**Defendant**

**Carol Lear**                            represented by   **Yvette D. Donosso**
*an individual*                                          UTAH ATTORNEY GENERAL'S
*TERMINATED: 03/14/2012*                                 OFFICE (160–6–140856)
                                                         LITIGATION UNIT
                                                         160 E 300 S 6TH FL
                                                         PO BOX 140856
                                                         SALT LAKE CITY, UT 84114–0856
                                                         (801)366–0100
                                                         Email: ydonosso@utah.gov
                                                         *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*

                                                         **David V. Pena**
                                                         (See above for address)
                                                         *TERMINATED: 10/04/2011*

                                                         **Rebecca S. Parr**
                                                         (See above for address)
                                                         *TERMINATED: 10/04/2011*
                                                         *ATTORNEY TO BE NOTICED*

                                                         **Richard D. Bissell**
                                                         (See above for address)
                                                         *TERMINATED: 10/04/2011*
                                                         *ATTORNEY TO BE NOTICED*

**Timothy D. Evans**
(See above for address)
*TERMINATED: 10/04/2011*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 12/02/2010 | 1 | | NOTICE OF REMOVAL from 3rd District Court, Salt Lake County, case number 100920935. ( Filing fee $ 350 receipt number 4681041226), filed by Scott Smith, Julie Agamic, Carol Lear, John Pingree, Tom Morgan, Brian Allen, Tim Beagley, Yolanda Francisco–Nez, Marlies Burns, Utah State Charter School Board. (Attachments: # 1 Exhibit A – State Complaint, # 2 Exhibit B – State Summons, # 3 Civil Cover Sheet) Assigned to Judge Tena Campbell (tls) (Entered: 12/03/2010) |
| 12/06/2010 | 2 | | NOTICE OF ADR, e–mailed or mailed to Defendants Julie Agamic, Brian Allen, Tim Beagley, Marlies Burns, Yolanda Francisco–Nez, Carol Lear, Tom Morgan, John Pingree, Scott Smith, Utah State Charter School Board, Plaintiff Kim Fitzpatrick Coleman. (tls) (Entered: 12/06/2010) |
| 12/06/2010 | 3 | | Stipulated MOTION for Extension of Time to File Answer re 1 Notice of Removal, *to Plaintiff's Complaint* filed by Defendants Julie Agamic, Brian Allen, Tim Beagley, Marlies Burns, Yolanda Francisco–Nez, Carol Lear, Tom Morgan, John Pingree, Scott Smith, Utah State Charter School Board. (Attachments: # 1 Text of Proposed Order)(Evans, Timothy) (Entered: 12/06/2010) |
| 12/07/2010 | 4 | | NOTICE of Demand for Jury Trial by Kim Fitzpatrick Coleman (Howell, Michael) (Entered: 12/07/2010) |
| 12/07/2010 | 5 | | ORDER granting 3 Motion for Extension of Time to Answer: Dfts shall have until 1/28/11 to answer or otherwise respond to Complaint removed from state court. Signed by Judge Tena Campbell on 12/6/10 (alt) (Entered: 12/09/2010) |
| 01/20/2011 | 6 | | MOTION for Leave to File Over–Length Memorandum filed by Defendants Julie Adamic, Brian Allen, Tim Beagley, Marlies Burns, Yolanda Francisco–Nez, Carol Lear, Tom Morgan, John Pingree, Scott Smith, Utah State Charter School Board. (Attachments: # 1 Text of Proposed Order)(Pena, David) (Entered: 01/20/2011) |
| 01/20/2011 | 7 | | MEMORANDUM in Support re 6 MOTION for Leave to File Over–Length Memorandum filed by Defendants Julie Adamic, Brian Allen, Tim Beagley, Marlies Burns, Yolanda Francisco–Nez, Carol Lear, Tom Morgan, John Pingree, Scott Smith, Utah State Charter School Board. (Pena, David) (Entered: 01/20/2011) |
| 01/21/2011 | 8 | | ORDER granting 6 Motion for Leave to File Overlength Memo. Signed by Judge Tena Campbell on 1/21/11 (alt) (Entered: 01/24/2011) |
| 01/28/2011 | 9 | | MOTION to Dismiss filed by Defendants Julie Adamic, Brian Allen, Tim Beagley, Marlies Burns, Yolanda Francisco–Nez, Carol Lear, Tom Morgan, John Pingree, Scott Smith, Utah State Charter School Board. (Evans, Timothy) (Entered: 01/28/2011) |

9

| 01/28/2011 | 10 | | MEMORANDUM in Support re 9 MOTION to Dismiss filed by Defendants Julie Adamic, Brian Allen, Tim Beagley, Marlies Burns, Yolanda Francisco–Nez, Carol Lear, Tom Morgan, John Pingree, Scott Smith, Utah State Charter School Board. (Attachments: # 1 Exhibit A)(Evans, Timothy) (Entered: 01/28/2011) |
| 02/22/2011 | 11 | | Stipulated MOTION for Extension of Time to File Response/Reply *to Defendants' Motion to Dismiss* filed by Plaintiff Kim Fitzpatrick Coleman. (Attachments: # 1 Text of Proposed Order Granting Extension of Time)(Johnson, Gary) (Entered: 02/22/2011) |
| 02/22/2011 | 12 | | ORDER granting 11 Motion for Extension of Time to File Response/Reply re 9 MOTION to Dismiss; Response due by 3/31/2011. Signed by Judge Tena Campbell on 2/22/11 (alt) (Entered: 02/24/2011) |
| 03/24/2011 | 13 | | Stipulated MOTION for Extension of Time to File Response/Reply as to 9 MOTION to Dismiss filed by Plaintiff Kim Fitzpatrick Coleman. (Attachments: # 1 Text of Proposed Order)(Johnson, Gary) (Entered: 03/24/2011) |
| 03/24/2011 | 14 | | ORDER granting 13 Motion for Extension of Time to File Response/Reply re 9 MOTION to Dismiss: Response due by 4/29/2011. Signed by Judge Tena Campbell on 3/23/11 (alt) (Entered: 03/24/2011) |
| 04/13/2011 | 15 | | File Received from 3rd District Court, Salt Lake County consisting of State Court docket sheet, Notice of Removal, and original documents filed with state court (Attachments: # 1 State Court Complaint, # 2 State Court Summons Executed) (alt) (Entered: 04/13/2011) |
| 04/29/2011 | 16 | | Ex Parte (Not Sealed) MOTION for Leave to File Excess Pages filed by Plaintiff Kim Fitzpatrick Coleman. (Attachments: # 1 Text of Proposed Order)(Johnson, Gary) (Entered: 04/29/2011) |
| 04/29/2011 | 17 | | MEMORANDUM in Support re 16 Ex Parte (Not Sealed) MOTION for Leave to File Excess Pages filed by Plaintiff Kim Fitzpatrick Coleman. (Johnson, Gary) (Entered: 04/29/2011) |
| 04/29/2011 | 18 | | Plaintiff's MEMORANDUM in Opposition re 9 MOTION to Dismiss filed by Plaintiff Kim Fitzpatrick Coleman. (Johnson, Gary) (Entered: 04/29/2011) |
| 05/02/2011 | 19 | | ORDER granting 16 Motion for Leave to File Excess Pages (but limiting the memorandum to thirty–five pages). Signed by Judge Tena Campbell on 5/2/11 (alt) (Entered: 05/02/2011) |
| 05/05/2011 | 20 | | MOTION Reconsideration of Court's Order of May 2, 2011 Granting Plaintiff Leave to File an Over–Length Memorandum Limited to 35 Pages filed by Plaintiff Kim Fitzpatrick Coleman. (Johnson, Gary) (Entered: 05/05/2011) |
| 05/05/2011 | 21 | | MEMORANDUM in Support re 20 MOTION Reconsideration of Court's Order of May 2, 2011 Granting Plaintiff Leave to File an Over–Length Memorandum Limited to 35 Pages filed by Plaintiff Kim Fitzpatrick Coleman. (Johnson, Gary) (Entered: 05/05/2011) |
| 05/06/2011 | 22 | | |

| | | | |
|---|---|---|---|
| | | | ORDER granting 20 Motion to Reconsider. Signed by Judge Tena Campbell on 5/5/11 (alt) (Entered: 05/06/2011) |
| 05/12/2011 | 23 | | **NOTICE OF HEARING ON MOTION** re: 9 MOTION to Dismiss : (Notice generated by Mary Jane McNamee) Motion Hearing set for 7/28/2011 at 2:30 PM in Room 230 before Judge Tena Campbell. (mjm) (Entered: 05/12/2011) |
| 05/19/2011 | 24 | | NOTICE OF WITHDRAWAL OF COUNSEL of Michael J. Howell on behalf of Kim Fitzpatrick Coleman (Howell, Michael) (Entered: 05/19/2011) |
| 05/19/2011 | 25 | | REPLY to Response to Motion re 9 MOTION to Dismiss filed by Defendants Julie Adamic, Brian Allen, Tim Beagley, Marlies Burns, Yolanda Francisco–Nez, Carol Lear, Tom Morgan, John Pingree, Scott Smith, Utah State Charter School Board. (Attachments: # 1 Exhibit Addendum A)(Evans, Timothy) (Entered: 05/19/2011) |
| 06/01/2011 | 26 | | **AMENDED NOTICE OF HEARING ON MOTION** re: 9 MOTION to Dismiss : (Notice generated by Mary Jane McNamee) Motion Hearing RESET for 8/17/2011 AT 2:30 PM in Room 230 before Judge Tena Campbell. *Please Note: Hearing date/time changed to 8/17/2011 at 2:30 p.m. (mjm) (Entered: 06/01/2011)* |
| 08/05/2011 | 27 | | MOTION to Amend/Correct *Complaint* filed by Plaintiff Kim Fitzpatrick Coleman. (Johnson, Gary) (Entered: 08/05/2011) |
| 08/05/2011 | 28 | | MEMORANDUM in Support re 27 MOTION to Amend/Correct *Complaint* filed by Plaintiff Kim Fitzpatrick Coleman. (Attachments: # 1 Exhibit 1 – Proposed Amended Complaint)(Johnson, Gary) (Entered: 08/05/2011) |
| 08/09/2011 | 29 | | Defendant's MEMORANDUM in Opposition re 27 MOTION to Amend/Correct *Complaint* filed by Defendants Julie Adamic, Brian Allen, Marlies Burns, Yolanda Francisco–Nez, Carol Lear, Tom Morgan, John Pingree, Scott Smith, Utah State Charter School Board. (Attachments: # 1 Exhibit 1)(Bissell, Richard) (Entered: 08/09/2011) |
| 08/10/2011 | 30 | | **AMENDED NOTICE OF HEARING ON MOTION** re: 27 MOTION to Amend/Correct *Complaint*, 9 MOTION to Dismiss : (Notice generated by Mary Jane McNamee) Motion Hearing set for 8/17/2011 AT 2:30 PM in Room 230 before Judge Tena Campbell. *Please Note: Additional motion to be heard. (mjm) (Entered: 08/10/2011)* |
| 08/12/2011 | 31 | | REPLY to Response to Motion re 27 MOTION to Amend/Correct *Complaint* filed by Plaintiff Kim Fitzpatrick Coleman. (Johnson, Gary) (Entered: 08/12/2011) |
| 08/17/2011 | 41 | | Minute Entry for proceedings held before Judge Tena Campbell: Motion Hearing held on 8/17/2011 re 9 MOTION to Dismiss filed by Julie Adamic, Yolanda Francisco–Nez, Utah State Charter School Board, Scott Smith, Tom Morgan, Tim Beagley, Carol Lear, John Pingree, Marlies Burns, Brian Allen, 27 MOTION to Amend/Correct *Complaint* filed by Kim Fitzpatrick Coleman. The Court hears oral argument and rules as follows: Defendants motion to dismiss (Dkt. No. 9 ) For the foregoing reasons, Defendants motion to dismiss (Dkt. No. 9) is: – GRANTED WITH PREJUDICE on all § 1983 claims brought against the SCSB and the other Defendants in their official |

11

| | | | |
|---|---|---|---|
| | | | capacity; Ms. Colemans intimate association claim and retaliation claim (cause of action 1); Ms. Colemans substantive due process claims (causes of action 2 and 5); Ms. Colemans equal protection challenges to Utah Code Section 51A–1a–512(3)under the Fourteenth Amendment and the Utah Constitution (causes of action 3 and 4); Ms. Colemans claims brought under the Utah Constitution open courts provision (causes of action 4 and 7); Ms. Colemans intentional infliction of emotional distress claim against all Defendants except for Ms. Burns (cause of action 10); and Ms. Colemans interference with economic advantage claim (cause of action 13). GRANTED WITHOUT PREJUDICE on Ms. Colemans familial association claim (causes of action 1 and 9); Ms. Colemans procedural due process claims based on liberty and property interests (causes of action 2, 5, and 8); Ms. Colemans constitutional challenge to Utah Code Section 53A–1a–509 under the United States Constitution (cause of action 7); and Ms. Colemans intentional infliction of emotional distress claim against Ms. Burns (cause of action10). For these claims, Ms. Coleman has three weeks from the date of this order to file a motion to amend with a supporting memorandum and proposed amended complaint. Ms. Colemans proposed amended complaint must meet the requirements of Rule 11, taking into consideration the arguments made during the August 17, 2011, hearing, and should not include duplicative causes of action. Defendants have two weeks from the date of Ms. Colemans motion to file a response, at which time the court will set a hearing. Ms. Coleman has ten days from the date of Defendants response to file a reply, if any. As discussed during the August 17, 2011, hearing, Ms. Colemans motion to amend (Dkt.No. 27 ) is DENIED AS MOOT. Attorney for Plaintiff: Gary Johnson, Zachary Peterson, Attorney for Defendant: Richard Bissell, Timothy Evans, Rebecca Parr, David Pena. Court Reporter: Ray Fenlon. (mjm) (Entered: 11/16/2011) |
| 09/28/2011 | 32 | | ORDER AND MEMORANDUM DECISION granting in part with prejudice and in part without prejudice 9 Motion to Dismiss; denying as moot 27 Motion to Amend/Correct. Signed by Judge Tena Campbell on 9/28/11 (alt) (Entered: 09/28/2011) |
| 10/04/2011 | 33 | | SUBSTITUTION OF COUNSEL Yvette D. Donosso replacing Rebecca S. Parr; David V. Pena; Richard D. Bissell and Timothy D. Evans as counsel on behalf of Carol Lear. (Donosso, Yvette) (Entered: 10/04/2011) |
| 10/19/2011 | 34 | | MOTION to Amend/Correct *Complaint* filed by Plaintiff Kim Fitzpatrick Coleman. (Peterson, Zachary) (Entered: 10/19/2011) |
| 10/19/2011 | 35 | | MEMORANDUM in Support re 34 MOTION to Amend/Correct *Complaint* filed by Plaintiff Kim Fitzpatrick Coleman. (Attachments: # 1 Proposed First Amended Complaint)(Peterson, Zachary) (Entered: 10/19/2011) |
| 11/02/2011 | 36 | | MEMORANDUM in Opposition re 34 MOTION to Amend/Correct *Complaint* filed by Defendants Julie Adamic, Brian Allen, Yolanda Francisco–Nez, Tom Morgan, John Pingree, Scott Smith. (Attachments: # 1 Exhibit A – Comparison Table, # 2 Exhibit B – August 17, 2011 Hearing Transcript, # 3 Exhibit C – Third Judicial District Court Complaint, # 4 Exhibit D – Utah SCSB August 13, 2009 Meeting Minutes, # 5 Exhibit E – Monticello Academy, Inc. Financial Statements and Other Reports, Years Ended June 30, 2008 and 2007, # 6 Exhibit F – Monticello Academy Board |

| | | |
|---|---|---|
| | | of Trustees March 27, 2008 Minutes)(Evans, Timothy) (Entered: 11/02/2011) |
| 11/02/2011 | 37 | MEMORANDUM in Opposition re 34 MOTION to Amend/Correct *Complaint and Joinder in Defendants' Memorandum in Opposition to Motion to Amend* filed by Defendant Marlies Burns. (Attachments: # 1 Exhibit A – August 17, 2011 Hearing Transcript)(Parr, Rebecca) (Entered: 11/02/2011) |
| 11/02/2011 | 38 | Defendant's MEMORANDUM in Opposition re 34 MOTION to Amend/Correct *Complaint and Joinder in Defendants' Memorandum in Opposition to Motion to Amend* filed by Defendant Carol Lear. (Attachments: # 1 Exhibit A Hearing Transcript of August 17, 2011)(Donosso, Yvette) (Entered: 11/02/2011) |
| 11/08/2011 | 39 | Stipulated MOTION for Extension of Time For Plaintiff to File Reply Memorandum in Support of Plaintiff's Motion to Amend filed by Plaintiff Kim Fitzpatrick Coleman. (Attachments: # 1 Text of Proposed Order)(Peterson, Zachary) (Entered: 11/08/2011) |
| 11/09/2011 | 40 | ORDER granting 39 Motion for Extension of Time. Signed by Judge Tena Campbell on 11/7/11 (alt) (Entered: 11/09/2011) |
| 11/22/2011 | 42 | **NOTICE OF HEARING ON MOTION** re: 34 MOTION to Amend/Correct *Complaint* : (Notice generated by Mary Jane McNamee) Motion Hearing set for 1/30/2012 at 2:30 PM in Room 230 before Judge Tena Campbell. (mjm) (Entered: 11/22/2011) |
| 11/22/2011 | 43 | **NOTICE OF HEARING ON MOTION** re: 34 MOTION to Amend/Correct *Complaint* : (Notice generated by Mary Jane McNamee) Motion Hearing set for 1/30/2012 at 2:30 PM in Room 230 before Judge Tena Campbell. (mjm) (Entered: 11/22/2011) |
| 11/29/2011 | 44 | Ex Parte (Not Sealed) MOTION for Leave to File Excess Pages *for Reply Memorandum to Motion to Amend Complaint* filed by Plaintiff Kim Fitzpatrick Coleman. (Johnson, Gary) (Entered: 11/29/2011) |
| 11/29/2011 | 45 | MEMORANDUM in Support re 44 Ex Parte (Not Sealed) MOTION for Leave to File Excess Pages *for Reply Memorandum to Motion to Amend Complaint* filed by Plaintiff Kim Fitzpatrick Coleman. (Attachments: # 1 Text of Proposed Order)(Johnson, Gary) (Entered: 11/29/2011) |
| 11/30/2011 | 46 | REPLY to Response to Motion re 34 MOTION to Amend/Correct *Complaint* filed by Plaintiff Kim Fitzpatrick Coleman. (Johnson, Gary) (Entered: 11/30/2011) |
| 11/30/2011 | 47 | ORDER granting 44 Motion for Leave to File Excess Pages. Signed by Judge Tena Campbell on 11/30/11 (alt) (Entered: 12/02/2011) |
| 12/05/2011 | 48 | **AMENDED NOTICE OF HEARING ON MOTION** re: 34 MOTION to Amend/Correct *Complaint* : (Notice generated by Mary Jane McNamee) Motion Hearing set for 2/28/2012 at 2:30 PM in Room 230 before Judge Tena Campbell. (mjm) (Entered: 12/05/2011) |
| 02/28/2012 | 49 | Minute Entry for proceedings held before Judge Tena Campbell: Motion Hearing held on 2/28/2012 re 34 MOTION to Amend/Correct *Complaint* |

| | | | |
|---|---|---|---|
| | | | filed by Kim Fitzpatrick Coleman. The Court hears from cnsl and allows Mr. Gary Johnson, pla's cnsl 2 weeks to refile a proposed amended complaint. Filing due by 3/14/2012. A motion hearing is set for 3/30/2012 at 10:00 a.m. The matter is taken under advisement. Attorney for Plaintiff: Gary Johnson, Attorney for Defendant: Yvette Donosso, Timothy Evans, Rebecca Parr. Court Reporter: Ray Fenlon.(mjm) (Entered: 03/02/2012) |
| 03/13/2012 | 50 | | NOTICE of Voluntary Dismissal of Carol Lear filed by Plaintiff Kim Fitzpatrick Coleman (Johnson, Gary) (Entered: 03/13/2012) |
| 03/13/2012 | 51 | | AMENDED COMPLAINT *[PROPOSED SECOND AMENDED COMPLAINT]* against Julie Adamic, Brian Allen, Marlies Burns, Yolanda Francisco–Nez, Tom Morgan, John Pingree, Scott Smith., filed by Kim Fitzpatrick Coleman. (Johnson, Gary) (Entered: 03/13/2012) |
| 03/27/2012 | | | Deadlines/Hearings terminated. The Court strikes the motion hearing previously set for 3/30/2012. The matter will be decided on the briefs. Mary Jane McNamee, Case Administrator.(mjm) (Entered: 03/27/2012) |
| 05/25/2012 | 52 | | ORDER and MEMORANDUM DECISION granting in part and denying in part 34 Motion to Amend/Correct. Signed by Judge Tena Campbell on 05/25/2012. (tls) (Entered: 05/25/2012) |
| 06/27/2012 | 53 | | AMENDED COMPLAINT *(Second)* against Julie Adamic, Brian Allen, Marlies Burns, Yolanda Francisco–Nez, Tom Morgan, John Pingree, Scott Smith with Jury Demand., filed by Kim Fitzpatrick Coleman. (Peterson, Zachary) (Entered: 06/27/2012) |
| 07/17/2012 | 54 | | Stipulated MOTION for Extension of Time to File Answer re 53 Amended Complaint filed by Defendants Julie Adamic, Brian Allen, Marlies Burns, Yolanda Francisco–Nez, Tom Morgan, John Pingree, Scott Smith. (Attachments: # 1 Text of Proposed Order)(Evans, Timothy) (Entered: 07/17/2012) |
| 07/18/2012 | 55 | | ORDER granting 54 Motion for Extension of Time to Answer re 53 Amended Complaint. Signed by Judge Tena Campbell on 7/17/12 (alt) (Entered: 07/18/2012) |
| 09/04/2012 | 56 | | **NOTICE OF HEARING**: (Notice generated by Mary Jane McNamee) Status Conference set for 9/17/2012 at 3:30 PM in Room 103 before Judge Tena Campbell. (mjm) (Entered: 09/04/2012) |
| 09/17/2012 | 57 | | AMENDED COMPLAINT *(Third)* against Julie Adamic, Brian Allen, Marlies Burns, Yolanda Francisco–Nez, Tom Morgan, John Pingree, Scott Smith with Jury Demand., filed by Kim Fitzpatrick Coleman. (Peterson, Zachary) (Entered: 09/17/2012) |
| 09/17/2012 | 58 | | Minute Entry for proceedings held before Judge Tena Campbell: Status Conference held on 9/17/2012. Discussion about the filing of the third amended complaint. Court asks that the filing be done as soon as possible. Attorney for Plaintiff: Gary L. Johnson, Attorney for Defendant: Timothy D. Evans, Rebecca S. Parr. Court Reporter: Ray Fenlon. (cff) (Entered: 09/25/2012) |
| 09/26/2012 | 59 | | Stipulated MOTION for Extension of Time to File Answer To Third Amended Complaint filed by Defendant Marlies Burns. (Attachments: # 1 |

| | | | |
|---|---|---|---|
| | | | Text of Proposed Order)(Parr, Rebecca) Modified on 9/26/2012 ; changed relief from for Extension of Time to for Extension of Time to File Answer (asp). (Entered: 09/26/2012) |
| 09/27/2012 | 60 | | ORDER granting 59 Motion for Extension of Time to Answer re 57 Amended Complaint. Answer deadline updated for Marlies Burns answer due 10/15/2012. Signed by Judge Tena Campbell on 09/26/2012. (asp) (Entered: 09/27/2012) |
| 10/09/2012 | 61 | | ANSWER to 57 Amended Complaint with Jury Demand filed by Julie Adamic.(Evans, Timothy) (Entered: 10/09/2012) |
| 10/09/2012 | 62 | | ANSWER to 57 Amended Complaint with Jury Demand filed by Brian Allen.(Evans, Timothy) (Entered: 10/09/2012) |
| 10/09/2012 | 63 | | ANSWER to 57 Amended Complaint with Jury Demand filed by Yolanda Francisco–Nez.(Evans, Timothy) (Entered: 10/09/2012) |
| 10/09/2012 | 64 | | ANSWER to 57 Amended Complaint with Jury Demand filed by Tom Morgan.(Evans, Timothy) (Entered: 10/09/2012) |
| 10/09/2012 | 65 | | ANSWER to 57 Amended Complaint with Jury Demand filed by John Pingree.(Evans, Timothy) (Entered: 10/09/2012) |
| 10/09/2012 | 66 | | ANSWER to 57 Amended Complaint with Jury Demand filed by Scott Smith.(Evans, Timothy) (Entered: 10/09/2012) |
| 10/15/2012 | 67 | | ANSWER to 57 Amended Complaint filed by Marlies Burns.(Parr, Rebecca) (Entered: 10/15/2012) |
| 10/30/2012 | 68 | | RE–FILED AS 69 AMENDED ANSWER – ANSWER to Complaint with Jury Demand Third Amended Complaint docket 57 filed by Scott Smith.(Evans, Timothy) Modified on 11/1/2012: added re–filing info (alt) (Entered: 10/30/2012) |
| 10/31/2012 | 69 | | AMENDED ANSWER to 57 Amended Complaint filed by Scott Smith. (Evans, Timothy) (Entered: 10/31/2012) |
| 10/31/2012 | | | Modification of Docket re 68 Answer to Complaint. Correction: Filer correctly re–filed their document as 69 Amended Answer. (alt) (Entered: 11/01/2012) |
| 04/12/2013 | 70 | | NOTICE FROM THE COURT re: Initial Scheduling The court's IPT Clerk will now set the case for the Initial Pretrial Scheduling Conference (alt) (Entered: 04/12/2013) |
| 04/15/2013 | 71 | | **NOTICE OF INITIAL PRETRIAL CONFERENCE:** (Notice generated by Michelle Peart) The **Attorneys Planning Meeting Report** and **Proposed Scheduling Order** forms, available on the court web site at http://www.utd.uscourts.gov/documents/formpage.html, should be prepared 21 days before the Initial Pretrial Conference hearing date.<br><br>**NOTICE TO COUNSEL,** The Court *may* enter a scheduling order and vacate the hearing *if* counsel (a) file a stipulated **Attorneys Planning Meeting Report**; and |

| | | | |
|---|---|---|---|
| | | | (b) e–mail a **Proposed Scheduling Order** to ipt@utd.uscourts.gov 21 days before the scheduled hearing. See instructions at http://www.utd.uscourts.gov/documents/ipt.html<br><br>If counsel or the parties would like to participate by phone they must contact chambers at least two days in advance at utdecf_furse@utd.uscourts.gov to make arrangements.<br><br>**Initial Pretrial Conference set for 6/12/2013 10:30 AM in Room 477 before Judge Tena Campbell.** (mlp) (Entered: 04/15/2013) |
| 04/15/2013 | 72 | | **AMENDED NOTICE OF INITIAL PRETRIAL CONFERENCE:** (Notice generated by Michelle Peart)<br>The **Attorneys Planning Meeting Report** and **Proposed Scheduling Order** forms, available on the court web site at http://www.utd.uscourts.gov/documents/formpage.html, should be prepared 21 days before the Initial Pretrial Conference hearing date.<br><br>**NOTICE TO COUNSEL,** The Court *may* enter a scheduling order and vacate the hearing *if* counsel<br>(a) file a stipulated **Attorneys Planning Meeting Report**; and<br>(b) e–mail a **Proposed Scheduling Order** to ipt@utd.uscourts.gov 21 days before the scheduled hearing. See instructions at http://www.utd.uscourts.gov/documents/ipt.html<br><br>If counsel or the parties would like to participate by phone they must contact chambers at least two days in advance at utdecf_furse@utd.uscourts.gov to make arrangements.<br><br>**Initial Pretrial Conference set for 6/12/2013 10:30 AM in Room 477 before Magistrate Judge Evelyn J. Furse.** (mlp) (Entered: 04/15/2013) |
| 05/22/2013 | 73 | | REPORT OF ATTORNEY PLANNING MEETING. (Attachments: # 1 Text of Proposed Order)(Peterson, Zachary) (Entered: 05/22/2013) |
| 06/05/2013 | | | **NOTICE VACATING INITIAL PRETRIAL CONFERENCE HEARING** set for 6/12/2013 10:30 AM before Judge Evelyn J. Furse (Notice generated by EJF Chambers) (lnp) (Entered: 06/05/2013) |
| 06/07/2013 | 74 | | SCHEDULING ORDER: Initial Pretrial Conference vacated. Amended Pleadings due by 9/26/2013. Joinder of Parties due by 6/26/2014. Discovery due by 1/30/2015. Motions due by 3/31/2015. Final Pretrial Conference set for 8/17/2015 02:30 PM in Room 103 before Judge Tena Campbell. 4–Day Jury Trial set for 8/31/2015 08:30 AM in Room 103 before Judge Tena Campbell. Signed by Judge Tena Campbell on 6/6/13 (alt) (Entered: 06/07/2013) |
| 08/21/2014 | 75 | | Stipulated MOTION to Amend/Correct *Scheduling Order* filed by Plaintiff Kim Fitzpatrick Coleman. (Attachments: # 1 Text of Proposed Order Proposed First Amended Scheduling Order)(Peterson, Zachary) Modified on 8/21/2014: updated motion relief (alt) (Entered: 08/21/2014) |
| 08/21/2014 | 76 | | ORDER granting 75 Motion for Amended Scheduling Order. Amended Pleadings due by 9/26/2013. Joinder of Parties due by 6/26/2014. Expert |

| | | |
|---|---|---|
| | | Discovery due by 2/20/2015. Motions due by 3/31/2015. Final Pretrial Conference set for 8/17/2015 02:30 PM in Rm 3.400 before Judge Tena Campbell. 4–Day Jury Trial set for 8/31/2015 08:30 AM in Rm 3.400 before Judge Tena Campbell. Signed by Judge Tena Campbell on 8/21/14 (alt) (Entered: 08/21/2014) |
| 10/21/2014 | 77 | Stipulated MOTION to Amend/Correct 76 Order on Motion for Scheduling Order, and Memorandum in Support filed by Defendants Julie Adamic, Brian Allen, Marlies Burns, Yolanda Francisco–Nez, Tom Morgan, John Pingree, Scott Smith. (Attachments: # 1 Text of Proposed Order)(Evans, Timothy) (Entered: 10/21/2014) |
| 10/28/2014 | 78 | 2ND AMENDED SCHEDULING ORDER granting 77 Stipulated MOTION to Amend/Correct 76 Order on Motion for Scheduling Order. Expert Discovery due by 2/20/2015; Motions due by 3/31/2015; Final Pretrial Conference set for 8/17/2015 02:30 PM in Rm 3.400 before Judge Tena Campbell; 4–Day Jury Trial set for 8/31/2015 08:30 AM in Rm 3.400 before Judge Tena Campbell. Signed by Judge Tena Campbell on 10/27/14 (alt) (Entered: 10/28/2014) |
| 11/10/2014 | 79 | EXPERT REPORT of Derk G. Rasmussen WITNESS filed by Plaintiff Kim Fitzpatrick Coleman. (Attachments: # 1 Exhibit Expert Report of Derk G. Rasmussen)(Peterson, Zachary) (Entered: 11/10/2014) |
| 12/12/2014 | 80 | Stipulated MOTION for Protective Order filed by Defendants Julie Adamic, Brian Allen, Marlies Burns, Yolanda Francisco–Nez, Tom Morgan, John Pingree, Scott Smith. (Attachments: # 1 Text of Proposed Order)(Evans, Timothy) (Entered: 12/12/2014) |
| 12/15/2014 | 81 | RESPONSE to Discovery Request from Derk G. Rasmussen filed by Plaintiff Kim Fitzpatrick Coleman.(Peterson, Zachary) (Entered: 12/15/2014) |
| 12/15/2014 | 82 | PROTECTIVE ORDER re Confidential Documents. Signed by Judge Tena Campbell on 12/15/14 (alt) (Entered: 12/16/2014) |
| 12/19/2014 | 83 | DESIGNATION OF EXPERTS Marlies Burns, Von Hortin, Michael Westover, Glenna Gallo, Tim Beagley filed by Defendants Julie Adamic, Brian Allen, Yolanda Francisco–Nez, Tom Morgan, John Pingree, Scott Smith.(Evans, Timothy) (Entered: 12/19/2014) |
| 01/05/2015 | 84 | NOTICE of Appearance by Daniel R. Widdison on behalf of Julie Adamic, Brian Allen, Yolanda Francisco–Nez, Tom Morgan, John Pingree, Scott Smith (Widdison, Daniel) (Entered: 01/05/2015) |
| 03/31/2015 | 85 | MOTION for Summary Judgment and Memorandum in Support filed by Defendants Julie Adamic, Brian Allen, Yolanda Francisco–Nez, Tom Morgan, John Pingree, Scott Smith. (Evans, Timothy) (Entered: 03/31/2015) |
| 03/31/2015 | 86 | MOTION for Summary Judgment and Memorandum in Support filed by Defendant Marlies Burns. (Parr, Rebecca) (Entered: 03/31/2015) |
| 03/31/2015 | 87 | EXHIBITS filed by Marlies Burns re 85 MOTION for Summary Judgment and Memorandum in Support , 86 MOTION for Summary Judgment and Memorandum in Support . (Attachments: # 1 Exhibit A–J Adamic Dep, # 2 Exhibit B–B Allen Dep, # 3 Exhibit C–SCSB Minutes 7–17–08, # 4 Exhibit |

| | | | |
|---|---|---|---|
| | | | D–SCSB Minutes 5–10–12, #_5 Exhibit E–SCSB Minutes 7–12–12, #_6 Exhibit F–SCSB Minutes 8–21–08, #_7 Exhibit G–SCSB Minutes 6–15–06, #_8 Exhibit H–SCSB Minutes 1–9–13, #_9 Exhibit I–SCSB Minutes Feb. 132013, #_10 Exhibit J–Scott Smith Dep, #_11 Exhibit K–SCSB Minutes 7–14–14, #_12 Exhibit L–Kim Coleman Dep., #_13 Exhibit M–MA Minutes 3–27–08, #_14 Exhibit N–Plf's Ans to Def Allen 1st Irogs, #_15 Exhibit O–W Pyle Dep., #_16 Exhibit P–MA Audio Rec. 3–27–08, #_17 Exhibit Q–J. Coleman Dep., #_18 Exhibit R–Bene Employ Agmt. 4–28–08, #_19 Exhibit S–MA Charter, #_20 Exhibit T–M. Smith Dep., #_21 Exhibit U–Formal Complt.&Appeal Dec., #_22 Exhibit V–G Gallo Dep., #_23 Exhibit W–T Beagley Dep., #_24 Exhibit X–Y. Francisco–Nez Dep., #_25 Exhibit Y–M. Burns Dep., #_26 Exhibit Z–SCSB Minutes 1–15–09, #_27 Exhibit AA–Preliminary Findings, #_28 Exhibit BB–D.Mortensen Dep., #_29 Exhibit CC–Email Dated 1–21–09, #_30 Exhibit DD–Dec of B. Allen, #_31 Exhibit EE–Dec of M. Burns, #_32 Exhibit FF–Dec of T. Beagley, #_33 Exhibit GG–SCSB Minutes 1–21–09, #_34 Exhibit HH–Ltr Dated 7–23–09, #_35 Exhibit II–Employee Pay History Sheets, #_36 Exhibit JJ–Open Mtg Act, #_37 Exhibit KK–SCSB Minutes 8–13–09, #_38 Exhibit LL–Notice of Voidance, #_39 Exhibit MM–Offer of Employment 2–5–10, #_40 Exhibit NN–Consultant Agreement 1–24–13, #_41 Exhibit OO–Plf's Answers to Def Allen 2nd Set of Interogs, #_42 Exhibit PP–Independent Contract Agreement 8–1–14, #_43 Exhibit QQ–Consulting Agrmt. 5–18–12, #_44 Exhibit RR–Form 1099–MISC Coleman Planet 2013, #_45 Exhibit SS–K Coleman LinkedIn 9–28–14, #_46 Exhibit TT–K Coleman Utah House 42 10–14–14, #_47 Exhibit UU– 2015/2016 Utah House of Rep. 1–12–15, #_48 Exhibit VV–Utah House of Rep 1–12–15, #_49 Exhibit WW–J. Pingree Dep., #_50 Exhibit XX–Email Dated 1–20–09, #_51 Exhibit YY–Res. to Pltfs 1st Req Admissions to Def. Marlies Burns, #_52 Exhibit ZZ–Emailed Dated 1–8–09, #_53 Exhibit AAA–SCSB Minutes 1–15–09)(Parr, Rebecca) (Entered: 03/31/2015) |
| 04/30/2015 | 88 | | SUBSTITUTION OF COUNSEL Erin T. Middleton replacing Daniel R. Widdison; Timothy D. Evans and Rebecca S. Parr as counsel on behalf of Julie Adamic, Brian Allen, Marlies Burns, Yolanda Francisco–Nez, Tom Morgan, John Pingree, Scott Smith. (Middleton, Erin) (Entered: 04/30/2015) |
| 04/30/2015 | 89 | | SUBSTITUTION OF COUNSEL Jason D. Boren as counsel on behalf of Julie Adamic, Brian Allen, Marlies Burns, Yolanda Francisco–Nez, Tom Morgan, John Pingree, Scott Smith. (Boren, Jason) (Entered: 04/30/2015) |
| 04/30/2015 | 90 | | Stipulated MOTION to Amend/Correct 78 Order, Terminate Motions, Set Scheduling Order Deadlines,,, filed by Defendants Julie Adamic, Brian Allen, Marlies Burns, Yolanda Francisco–Nez, Tom Morgan, John Pingree, Scott Smith. (Attachments: #_1 Text of Proposed Order Proposed Third Amended Scheduling Order)(Middleton, Erin) Modified on 5/11/2015: updated motion relief (alt) (Entered: 04/30/2015) |
| 04/30/2015 | 91 | | Stipulated MOTION for Extension of Time for Plaintiff to File Opposition to Defendants' Motions for Summary Judgment filed by Plaintiff Kim Fitzpatrick Coleman. (Attachments: #_1 Text of Proposed Order Proposed Order)(Peterson, Zachary) (Entered: 04/30/2015) |
| 05/01/2015 | 92 | | DOCKET TEXT ORDER granting 91 Motion for Extension of Time. |

| | | | |
|---|---|---|---|
| | | | Plaintiff Kim Fitzpatrick Coleman may have an extension to file her Opposition to Defendants Motions for Summary Judgment up to and including May 27, 2015. Signed by Judge Tena Campbell on 05/01/2015. No attached document. (cff) (Entered: 05/01/2015) |
| 05/04/2015 | 93 | | DOCKET TEXT ORDER REFERRING CASE to Magistrate Judge Dustin B. Pead under 28:636 (b)(1)(A), Magistrate to hear and determine all nondispositive pretrial matters. So ordered by Judge Tena Campbell on 5/4/15 (docket text only – no attached document) (alt) (Entered: 05/04/2015) |
| 05/11/2015 | 94 | | ORDER granting 90 Motion for Amended Scheduling Order: Final Pretrial Conference set for 11/16/2015 at 02:30 PM in Rm 3.400 before Judge Tena Campbell; 6–Day Jury Trial set for 11/30/2015 at 08:30 AM in Rm 3.400 before Judge Tena Campbell. Signed by Magistrate Judge Dustin B. Pead on 5/11/15 (alt) (Entered: 05/11/2015) |
| 05/20/2015 | 95 | | Stipulated MOTION for Extension of Time to File Response/Reply as to 85 MOTION for Summary Judgment and Memorandum in Support , 86 MOTION for Summary Judgment and Memorandum in Support filed by Plaintiff Kim Fitzpatrick Coleman. (Attachments: # 1 Text of Proposed Order) Motions referred to Dustin B. Pead.(Johnson, Gary) (Entered: 05/20/2015) |
| 05/21/2015 | 96 | | ORDER granting 95 Motion for Extension of Time to File Response/Reply re 85 MOTION for Summary Judgment, 86 MOTION for Summary Judgment. Plaintiff, Kim Coleman, shall have up to and including June 1, 2015 to file her Opposition. Signed by Magistrate Judge Dustin B. Pead on 5/21/2015. (jds) (Entered: 05/21/2015) |
| 06/01/2015 | 97 | | MEMORANDUM in Opposition re 86 MOTION for Summary Judgment and Memorandum in Support filed by Plaintiff Kim Fitzpatrick Coleman. (Attachments: # 1 Appendix Cover sheet)(Johnson, Gary) (Entered: 06/01/2015) |
| 06/01/2015 | 98 | | APPENDIX to 97 Memorandum in Opposition to Motion filed by Plaintiff Kim Fitzpatrick Coleman . (Attachments: # 1 Exhibit 1 – Marlies Burns depo, # 2 Exhibit 2 – Glenna Gallo depo, # 3 Exhibit 3 – Email – M. Burns to B. Allen, # 4 Exhibit 4 – Email – M. Burns with M. Smith, # 5 Exhibit 5 – David Mortensen depo, # 6 Exhibit 6 – Julie Adamic depo, # 7 Exhibit 7 – Joel Coleman depo, # 8 Exhibit 8 – Findings of Investigation, # 9 Exhibit D. Mortensen letter to USCSB, # 10 Exhibit 10 – Brian Allen depo, # 11 Exhibit 11 – Agendas for 1/15/09 &1/21/09 meetings, # 12 Exhibit 12 – Salt Lake Tribune article, # 13 Exhibit 13 – Email – M. Burns to Linda Hansen, # 14 Exhibit 14 – Email – M. Burns to SCSB –, # 15 Exhibit 15 – Email – M. Burns to SCSB – 1/8/09, # 16 Exhibit 16 – Minutes of 1/15/09 SCSB meeting, # 17 Exhibit 17 – Minutes of 1/21/09 SCSB meeting, # 18 Exhibit 18 – Akiko Kawamura letter to Mortensen, # 19 Exhibit 19 – Minutes of 8/13/09 SCSB Meeting, # 20 Exhibit 20 – Emails – Amy Trombetti / Brian Allen, # 21 Exhibit 21 – Derk Rasmussen expert report, # 22 Exhibit 22 – Kim Coleman depo, # 23 Exhibit 23 – Yolanda Francisco–Nez depo, # 24 Exhibit 24 – Derk Rasumussen depo, # 25 Exhibit 25 – Wayne Pyle depo, # 26 Exhibit 26 – Michael Smith depo, # 27 Exhibit 27 – John Pingree depo, # 28 Exhibit 28 – Scott Smith depo)(Johnson, Gary) (Entered: 06/01/2015) |

| 06/01/2015 | 99 | | Plaintiff's MEMORANDUM in Opposition re 85 MOTION for Summary Judgment and Memorandum in Support filed by Plaintiff Kim Fitzpatrick Coleman. (Peterson, Zachary) (Entered: 06/01/2015) |
|---|---|---|---|
| 06/04/2015 | 100 | | **NOTICE OF HEARING ON MOTIONS** re: 85 and 86 Motions for Summary Judgment : (Notice generated by chambers) Motion Hearing set for 6/25/2015 at 03:30 PM in Rm 3.400 before Judge Tena Campbell. (cff) (Entered: 06/04/2015) |
| 06/08/2015 | 101 | | Stipulated MOTION for Extension of Time to File Response/Reply filed by Defendants Julie Adamic, Brian Allen, Marlies Burns, Yolanda Francisco–Nez, Tom Morgan, John Pingree, Scott Smith. (Attachments: # 1 Text of Proposed Order Proposed Order) Motions referred to Dustin B. Pead.(Middleton, Erin) (Entered: 06/08/2015) |
| 06/09/2015 | 102 | | ORDER granting 101 Motion for Extension of Time to File Response/Reply re 85 MOTION for Summary Judgment, 86 MOTION for Summary Judgment: Replies due by 7/31/2015.. Signed by Magistrate Judge Dustin B. Pead on 6/9/15 (alt) (Entered: 06/09/2015) |
| 06/09/2015 | | | 6/25/15 Motion Hearing terminated per 102 Order (alt) (Entered: 06/09/2015) |
| 06/11/2015 | 103 | | **AMENDED NOTICE OF HEARING ON MOTIONS** 85 and 86 MOTIONS for Summary Judgment: (Notice generated by chambers) Motion Hearing RESET for 8/6/2015 at 10:00 AM in Rm 3.400 before Judge Tena Campbell. ***PLEASE NOTE NEW DATE AND TIME*** (cff) (Entered: 06/11/2015) |
| 07/31/2015 | 104 | | NOTICE of Appearance by Zaven A. Sargsian on behalf of All Defendants (Sargsian, Zaven) (Entered: 07/31/2015) |
| 07/31/2015 | 105 | | MEMORANDUM in Support re 86 MOTION for Summary Judgment filed by Defendant Marlies Burns. (Boren, Jason) (Entered: 07/31/2015) |
| 07/31/2015 | 106 | | MEMORANDUM in Support re 85 MOTION for Summary Judgment filed by Defendants Julie Adamic, Brian Allen, Yolanda Francisco–Nez, Tom Morgan, John Pingree, Scott Smith. (Middleton, Erin) (Entered: 07/31/2015) |
| 07/31/2015 | 107 | | APPENDIX to 105 Memorandum in Support of Motion, 106 Memorandum in Support of Motion filed by Defendants Julie Adamic, Brian Allen, Marlies Burns, Yolanda Francisco–Nez, Tom Morgan, John Pingree, Scott Smith . (Attachments: # 1 Exhibit BBB – Declaration of Akiko Kawamura, July 30, 2015, # 2 Exhibit CCC – Letter from D. Mortensen to B. Allen, December 2, 2009, # 3 Exhibit DDD – Supplemental Declaration of Marlies Burns, July 30, 2015)(Boren, Jason) (Entered: 07/31/2015) |
| 08/06/2015 | 108 | | Minute Entry for proceedings held before Judge Tena Campbell: Motion Hearing held on 8/6/2015 re 85 MOTION for Summary Judgment filed by Defendants Julie Adamic, Brian Allen, Yolanda Francisco–Nez, Tom Morgan, John Pingree, Scott Smith and 86 MOTION for Summary Judgment filed by Marlies Burns. Counsel are present. The court hears argument and takes the matter under advisement. Attorney for Plaintiff: Gary L. Johnson, Attorney for Defendant: Erin T. Middleton, Jason D. Boren. Court Reporter: Patti Walker.(cff) (Entered: 08/06/2015) |

| 08/20/2015 | 109 | 23 | MEMORANDUM DECISION and ORDER granting 85 Motion for Summary Judgment; granting 86 Motion for Summary Judgment. Signed by Judge Tena Campbell on 8/20/2015. (blh) (Entered: 08/20/2015) |
|---|---|---|---|
| 09/02/2015 | 110 | 37 | CLERK'S JUDGMENT entered in favor of the defendants; plaintiff's cause of action is dismissed with prejudice – CASE CLOSED. Signed by LSY, Chief Deputy Clerk. Magistrate Judge Dustin B. Pead no longer assigned to case (alt) (Entered: 09/02/2015) |
| 09/03/2015 | 111 | | BILL OF COSTS filed by Julie Adamic, Brian Allen, Marlies Burns, Yolanda Francisco–Nez, Tom Morgan, John Pingree, Scott Smith. (Middleton, Erin) (Entered: 09/03/2015) |
| 09/03/2015 | 112 | | MEMORANDUM re 111 Bill of Costs filed by Julie Adamic, Brian Allen, Marlies Burns, Yolanda Francisco–Nez, Tom Morgan, John Pingree, Scott Smith. (Attachments: # 1 Exhibit A – Supporting Documentation)(Middleton, Erin) (Entered: 09/03/2015) |
| 09/03/2015 | 113 | | DECLARATION of Erin T. Middleton re 111 Bill of Costs filed by Julie Adamic, Brian Allen, Marlies Burns, Yolanda Francisco–Nez, Tom Morgan, John Pingree, Scott Smith. (Middleton, Erin) (Entered: 09/03/2015) |
| 09/03/2015 | 114 | | DECLARATION of Timothy D. Evans re 111 Bill of Costs filed by Julie Adamic, Brian Allen, Marlies Burns, Yolanda Francisco–Nez, Tom Morgan, John Pingree, Scott Smith. (Middleton, Erin) (Entered: 09/03/2015) |
| 09/03/2015 | 115 | | DECLARATION of Rebecca S. Parr re 111 Bill of Costs filed by Julie Adamic, Brian Allen, Marlies Burns, Yolanda Francisco–Nez, Tom Morgan, John Pingree, Scott Smith. (Middleton, Erin) (Entered: 09/03/2015) |
| 09/09/2015 | 116 | | OBJECTIONS to 111 Bill of Costs filed by Kim Fitzpatrick Coleman. (Johnson, Gary) (Entered: 09/09/2015) |
| 09/09/2015 | 117 | | Plaintiff's MOTION for Review of Defendants' Bill of Costs and Memorandum in Support filed by Plaintiff Kim Fitzpatrick Coleman. (Johnson, Gary) (Entered: 09/09/2015) |
| 09/15/2015 | 118 | | Stipulated MOTION for Extension of Time to File Response/Reply as to 116 Objections, 117 Plaintiff's MOTION for Review of Defendants' Bill of Costs and Memorandum in Support filed by Defendants Julie Adamic, Brian Allen, Marlies Burns, Yolanda Francisco–Nez, Tom Morgan, John Pingree, Scott Smith. (Attachments: # 1 Text of Proposed Order Proposed Order)(Middleton, Erin) (Entered: 09/15/2015) |
| 09/16/2015 | 119 | | DOCKET TEXT ORDER granting 118 Motion for Extension of Time to File Response/Reply. Defendants may have to and including 9/25/2015, to submit their responses to Plaintiff's Objections to Defendants' Bill of Costs and to Plaintiff's Motion to Review Defendants' Bill of Costs. Signed by Judge Tena Campbell on 09/16/2015. No attached document. (cff) (Entered: 09/16/2015) |
| 09/25/2015 | 120 | 38 | NOTICE OF APPEAL as to 110 Clerk's Judgment, 32 Order on Motion to Amend/Correct, Order on Motion to Dismiss, Memorandum Decision, 109 Order on Motion for Summary Judgment,, Memorandum Decision, 52 Order on Motion to Amend/Correct, Memorandum Decision filed by Kim Fitzpatrick Coleman. Appeals to the USCA for the 10th Circuit. Filing fee $ |

| | | | |
|---|---|---|---|
| | | | 505, receipt number 1088–2348402. (Peterson, Zachary) (Entered: 09/25/2015) |
| 09/25/2015 | <u>121</u> | | RESPONSE to Motion re <u>117</u> Plaintiff's MOTION for Review of Defendants' Bill of Costs and Memorandum in Support filed by Defendants Julie Adamic, Brian Allen, Marlies Burns, Yolanda Francisco–Nez, Tom Morgan, John Pingree, Scott Smith. (Middleton, Erin) (Entered: 09/25/2015) |
| 09/25/2015 | <u>122</u> | | DECLARATION of Timothy D. Evans re <u>121</u> Response to Motion, filed by Julie Adamic, Brian Allen, Marlies Burns, Yolanda Francisco–Nez, Tom Morgan, John Pingree, Scott Smith. (Middleton, Erin) (Entered: 09/25/2015) |

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| KIM FITZPATRICK COLEMAN,<br><br>Plaintiff,<br><br><br>vs.<br><br><br>MARLIES BURNS, et al.,<br><br>Defendants. | ORDER<br><br>AND<br><br>MEMORANDUM DECISION<br><br><br>Case No. 2:10-cv-1186-TC |

Plaintiff Kim Coleman was previously employed as Director of the Monticello Academy (Monticello), a charter school located in West Valley City, Utah.  In January 2009, the State Charter School Board (SCSB) directed that Ms. Coleman be removed as Director, based on alleged violations of state law requirements for providing special education services. Responding to the SCSB directive, the Monticello Board of Directors placed Ms. Coleman on administrative leave and did not renew her contract.

Defendants in this case include members of the SCSB and Marlies Burns, the Director of Charter Schools for the State of Utah.  In orders dated September 28, 2011, and May 25, 2012 (ECF Nos. 32 and 52), the court dismissed other previously named defendants and several of Ms. Coleman's claims.  The only remaining claim is a claim under 42 U.S.C. § 1983, in which Ms. Coleman alleges that Defendants deprived her of property and liberty interests without due process by directing that she be terminated from her position as Monticello Director.

Defendants Brian Allen, Julie Adamic, Yolanda Francisco-Nez, Tom Morgan, Scott Smith, and John Pingree (the "SCSB Defendants") filed a motion for summary judgment (Dkt. No. 85) based on qualified immunity.  Defendant Marlies Burns filed a separate motion for summary judgment (Dkt. No. 86), arguing that she is also entitled to qualified immunity or, in the alternative, Ms. Coleman cannot establish personal involvement by Ms. Burns in the alleged constitutional violations.  For the reasons explained below, the court grants both motions.

## **BACKGROUND**[1]

Kim Coleman is a co-founder of the Monticello Academy and served for approximately two years as a member of the Board of Directors. In March 2008, the other Monticello Board members (with the exception of Ms. Coleman's husband who recused to avoid a conflict of interest) voted to hire Ms. Coleman as Director of the school.  Ms. Coleman was hired to fill the position from April 1, 2008, to June 30, 2009, with the option for the Board to renew her contract for two additional one-year terms.

In December 2008, the SCSB conducted an investigation of Monticello and Ms. Coleman, based on parent complaints about Ms. Coleman's administration of special education services.  The SCSB provided the results of its investigation in a document dated January 20, 2009, which the parties refer to as the "Preliminary Findings."  (See Preliminary Findings, ECF

---

[1] Much of the factual background of this case is summarized in the court's order of May 25, 2012 (ECF No. 52). The facts below are taken from the evidence produced by the parties in their briefing on the motions for summary judgment and are necessary to further explain this decision.  The court identifies disputes of material fact where they may exist and lays out the facts and all reasonable inferences in the light most favorable to Ms. Coleman as the nonmoving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc., 912 F.2d 1238, 1241 (10th Cir. 1990).

2

No. 87-27.)  The Preliminary Findings list several alleged problems with Ms. Coleman's

administration of Monticello, including a failure "to authorize and provide appropriate special

education services as mandated by law."  (Id. at MA000074.)  The SCSB also directed the

Monticello Board to take several actions, including "[t]he immediate dismissal of Kim Coleman

as the Director of Monticello Academy and a designated prohibition from Kim Coleman serving

in any leadership or other capacity at the school either paid or volunteer."  (Id. at MA000075.)

     At a January 21, 2009 meeting, Defendant Brian Allen, on behalf of the SCSB, presented

the Preliminary Findings to the Monticello Board and directed the Board to terminate Ms.

Coleman as Director.  (Joel Coleman Dep. 89-91, ECF No. 98-7; Pyle Dep. 20-24, ECF No. 98-

25; Michael Smith Dep. 40-43, ECF No. 98-26.)  The parties dispute the exact details of the

meeting, but multiple Monticello Board members testified that Mr. Allen also threatened to

remove all Board members and shut down the school if Ms. Coleman was not terminated.

Although there may be a factual dispute about whether Mr. Allen did in fact threaten the

Monticello Board, it is undisputed that the Board responded to the Preliminary Findings by

requesting an opportunity to conduct its own investigation.  The Board placed Ms. Coleman on

paid administrative leave while it proceeded with the investigation.

     On January 29, 2009, the Salt Lake Tribune published an article about Ms. Coleman's

leave.  The first line of the article read that "[s]tate education officials ordered the Monticello

Academy Director be placed on paid administrative leave pending an investigation into

allegations of financial mismanagement at the West Valley City charter school."  (Salt Lake

Tribune Article, ECF No. 98-12.)  The article goes on to quote "state investigators" as saying that

"the presence of Joel Coleman on the board that oversees the employment of his spouse appears

3

to have compromised the board's ability to appropriately assess human-resource issues and the provision of services at the school."  (Id.)  Mr. Allen was quoted as saying: "We have a very capable principal and assistant running the school. . . . The board has it well under control. I think they're trying to do the right thing."  (Id.)

The Monticello Board completed its investigation and did not find any wrongdoing by Ms. Coleman.  The Board kept Ms. Coleman on paid administrative leave through June 30, 2009. At that time, the Board did not renew Ms. Coleman's contract and she was no longer the Director at Monticello.

On August 13, 2009, the SCSB met to discuss the dispute between Ms. Coleman and the SCSB.  The meeting minutes reflect that the SCSB approved recommendations and findings, including a finding that Ms. Coleman "was directly and unilaterally responsible for intimidating and/or directly instructing at least one Monticello Academy employee to deny special education services to Monticello Academy students."  (Meeting Minutes at COLEMAN PRD 001758, ECF No. 87-37.)  These minutes were later made available to the public.

Ms. Coleman filed a complaint in the Third District Court on October 26, 2010, alleging that the SCSB's actions violated her due process rights.  The case was removed to this court on December 2, 2010.  Defendants now move for summary judgment, arguing that Ms. Coleman's remaining claims must be dismissed because Defendants are entitled to qualified immunity and because Ms. Coleman failed to produce sufficient evidence to support her claims.

## ANALYSIS

With Defendants' assertion of qualified immunity, Ms. Coleman must "meet a strict two-part test by showing (1) that the defendant violated a constitutional or statutory right, and (2) that

4

this right was clearly established at the time of the defendant's conduct." Bowling v. Rector, 584

F.3d 956, 964 (10th Cir. 2009) (quotations omitted).  Ms. Coleman identifies two separate

constitutional rights that Defendants allegedly violated.  First, Ms. Coleman asserts that

Defendants unconstitutionally deprived her of a protected property interest by terminating her

employment without due process.  Second, Ms. Coleman claims that Defendants violated her

liberty interest by making defamatory statements that resulted in lost job opportunities and

damage to her professional reputation.

## I.    Property Interest

To determine whether a plaintiff's property rights have been denied without due process,

the court "engage[s] in a two-step inquiry: (1) Did the individual possess a protected interest to

which due process protection was applicable? (2) Was the individual afforded an appropriate

level of process?"  Hennigh v. City of Shawnee, 155 F.3d 1249, 1253 (10th Cir. 1998).  Under

this test, a property interest claim "depends on [Ms. Coleman] having had a property right in

continued employment."  Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 539 (1985).

Generally, "[a]t-will employees lack a property interest in continued employment."  Darr

v. Town of Telluride, Colo., 495 F.3d 1243, 1252 (10th Cir. 2007).  And under Utah law, there is

"a presumption that an employment relationship which has no specified term of duration is an at-

will relationship."  Fox v. MCI Commc'ns Corp., 931 P.2d 857, 859 (Utah 1997) (quotations

omitted).  But an employee may rebut the at-will presumption and "may possess a property

interest in public employment if she has tenure, a contract for a fixed term, an implied promise of

continued employment, or if state law allows dismissal only for cause or its equivalent."  Darr,

495 at 1251.  An employee may also rebut the presumption by proving that "a statute or

5

regulation restricts the right of an employer to terminate an employee under certain conditions."

Fox, 931 P.2d at 859.

Ms. Coleman signed an employment contract on April 28, 2008, that explicitly created an

at-will relationship.  Paragraph 2 of Ms. Coleman's contract reads:

> Employee recognizes that he or she is an at-will employee, meaning that his or her
> employment can be terminated by Employer, with or without cause or notice, at any
> time.  No promise of employment for a definite duration is given by this agreement
> or by any other material received by Employee from Employer . . . . This agreement
> in no way modifies the at-will nature of Employee's employment.  In the event of any
> contrary provisions contained in other materials received by Employee and this
> Agreement relative to the at-will employment status, this Agreement will control and
> supersede such other material.

(Employment Agreement, ECF No. 87-18.)  The contract further directs that any previous

understandings or representations are merged into the final, written agreement.

Although she signed this agreement, Ms. Coleman contends that she had an implied

contract that overrides the at-will terms of her written contract.  Ms. Coleman argues that she and

the Monticello Board all understood that she was being hired as Director to perform specific

projects—namely, she was chosen to hire a new principal and manage the formation of the high

school at Monticello.  Ms. Coleman cites testimony from Wayne Pyle, Michael Smith, and her

husband, Joel Coleman, all of whom were members of the Monticello Board.  These men

testified that they understood that Ms. Coleman was being hired to complete the above projects

and they believed that Ms. Coleman would serve as Director until the high school at Monticello

was complete.  (Pyle Dep. 64-65, ECF No. 98-25; Joel Coleman Dep. 119-20, ECF No. 98-7.)

This evidence is not sufficient to establish Ms. Coleman's alleged property interest. To

rebut the at-will presumption, particularly in light of the explicit at-will relationship created by

6

the employment contract, Ms. Coleman must prove that her employer (the Monticello Board) communicated "a manifestation of intent to the employee that is sufficiently definite to constitute a contract provision." Tomlinson v. NCR Corp., 2014 UT 55, ¶ 13, 345 P.3d 523. None of the above testimony provides a sufficiently clear manifestation of intent to modify Ms. Coleman's at-will status. The testimony merely shows that Ms. Coleman and the Monticello Board members believed Ms. Coleman was hired for the specific purpose of selecting a principal and finishing the high school and that she would complete those tasks. But a belief that Ms. Coleman would work on certain projects does not mean that her employment was guaranteed for a specific time.

Ms. Coleman relies on Kingsford v. Salt Lake City School District, 247 F.3d 1123 (10th Cir. 2001), to argue that the court should consider the parties' subjective understanding to decide whether an implied contract exists to overcome the at-will presumption. In Kingsford, the plaintiff was a high school football coach who claimed that, even though he did not have a written contract for a specific term, he should have been treated as a teacher with the benefit of the teachers' contract, which required "just cause" before termination. The plaintiff also testified that he subjectively believed he could only be terminated for improper treatment of players or based on his win-loss record. In addition, district personnel testified that coaches could only be fired based on some "logical rationale" or "reasonable justification;" coaches could not be terminated for an "arbitrary or capricious" reason. Id. at 1132. The court concluded that the evidence "taken in the aggregate, suggest[ed] that there may have been a policy . . . that coaches would only be terminated for cause." Id. Although there was also evidence that coaches served at the principal's discretion, the conflicting evidence created a factual dispute on the question of whether there was an implied promise that overcame the at-will presumption.

In this case, there is no evidence that suggests Ms. Coleman could only be terminated for cause. There is no evidence that Ms. Coleman was guaranteed a job until the high school was complete. There is no evidence of a promise that her contract would be renewed or that anyone made other contractual promises that would change her at-will status. And there is no evidence that Ms. Coleman or any other witness understood that she could only be terminated for specific reasons. Indeed, the Monticello witnesses confirmed that the Board had discretion to terminate Ms. Coleman at any time, with or without cause. (Pyle Dep. 18; Joel Coleman Dep. 80; Michael Smith Dep. 20-21, 38-39, ECF No. 98-26.) Even viewing the evidence and drawing all reasonable inferences in Ms. Coleman's favor, the court concludes that Ms. Coleman was an at-will employee. And as an at-will employee, Ms. Coleman did not have a protected property interest in her ongoing employment at Monticello.

As an alternative to her implied contract theory, Ms. Coleman asserts that the Utah Charter Schools Act, Utah Code Ann. § 53A-1a-509, provides the necessary property interest. "[A] state statute or regulation can create a protected property interest in a particular employment status or rank." Rippstein v. Sevier Cty., Civil No. 2:06-CV-1063 BSJ, 2009 WL 1872595, at *3 (D. Utah June 29, 2009). But "[p]rocedural detail in a statute or regulation, standing alone, is not sufficient to establish a protected property interest in an employment benefit." Hennigh, 155 F.3d at 1254. "[I]f the statute or regulation places substantive restrictions on the discretion to demote an employee, such as providing that discipline may only be imposed for cause, then a property interest is created." Id.; see also Asbill v. Housing Auth. of Choctaw Nation of Okl., 726 F.2d 1499, 1502 (10th Cir. 1984) ("[P]rocedural protections alone do not create a protected

8

property right in future employment; such a right attaches only when there are substantive restrictions on the employer's discretion.").

The Utah Charter Schools Act directs that if a charter school is out of compliance with the Act or the school's charter, the SCSB must notify the governing board of the school "that the charter school has a reasonable time to remedy the deficiency." Utah Code Ann. § 53A-1a-509(1). If the charter school does not remedy the deficiency, the SCSB is to take one or more of the actions listed in the statute, including removal of the school's director. Id. § 53A-1a-509(2).

Ms. Coleman maintains that the Act required the SCSB to provide the process defined in the statute before removing her as Monticello Director. The court agrees that, under the Act, the SCSB must follow certain procedural requirements: the SCSB must notify the governing board of a charter school of any incidents of noncompliance and give a charter school "a reasonable time" to remedy alleged deficiencies before removing the school's director or taking other corrective action. But these requirements are procedural. Nothing in the Act substantively restricts the SCSB's discretion to remove a charter school director. And nothing in the Act changes Ms. Coleman's at-will status. Moreover, the procedural protections in the Act benefit the school itself, not school employees. There is no requirement that notice or other process be given to a school director before SCSB removal.

## II.    Liberty Interest

To prevail on her liberty interest claim, Ms. Coleman must satisfy a four-part test:

First, to be actionable, the statements must impugn the good name, reputation, honor, or integrity of the employee. Second, the statements must be false. Third, the statements must occur in the course of terminating the employee or must foreclose other employment opportunities. And fourth, the statements must be published.

9

These elements are not disjunctive, all must be satisfied to demonstrate deprivation of the liberty interest.

Workman v. Jordan, 32 F.3d 475, 481 (10th Cir. 1994) (citations omitted).

Although the parties analyzed other potential statements that Ms. Coleman previously alleged, Ms. Coleman's counsel confirmed at the summary judgment hearing that her liberty interest claim is based solely on the following: (1) the January 20, 2009 Preliminary Findings written by the SCSB; (2) an article in the Salt Lake Tribune; and (3) the minutes of the August 13, 2009 SCSB meeting. Each of these statements fails to satisfy at least one element of the Workman test.

First, there is no evidence that the Preliminary Findings were published. Although Ms. Coleman testified at her deposition that the Preliminary Findings were posted on the SCSB website and distributed to newspapers, there is no evidence to support this assertion. And conclusory statements, without evidence, are insufficient to survive summary judgment. Murray v. City of Sapulpa, 45 F.3d 1417, 1422 (10th Cir. 1995). Ms. Coleman has not introduced evidence of online postings or of publications in any newspaper. And the only article cited by Ms. Coleman is the January 29, 2009 Salt Lake Tribune article, which does not quote from or otherwise refer to the Preliminary Findings. The record only shows that the Preliminary Findings were circulated by email among SCSB members and were read to the Monticello Board at a closed meeting on January 21, 2009. The minutes of that meeting were not made public. The specific statements made in the Preliminary Findings were only shared in private government meetings. Such "intra-government dissemination, by itself, falls short of the Supreme Court's notion of publication . . . ." Asbill, 726 F.2d at 1503.

10

Ms. Coleman also alleges that one or more of the Defendants made defamatory comments that were published in a January 29, 2009 Salt Lake Tribune article published with the headline "State orders probe of charter school's finances." (Salt Lake Tribune Article, ECF No. 98-12.) The article contains three relevant statements. First, Brian Allen is quoted at the end of the article, but his statement does not impugn Ms. Coleman's good name or reputation. He merely stated that Monticello was being run by "a very capable principal and assistant" and that the Monticello Board had the situation "under control" and was "trying to do the right thing." (Id.) These statements are not disparaging or stigmatizing in any way.

For the other statements in the article, no speaker is identified. The article contains a quote from unidentified "state investigators" who said that Joel Coleman's presence on the Monticello Board may have "compromised the board's ability to appropriately assess human-resource issues and the provision of services at the school." (Id.) Without identification of the speaker, the statement cannot be used to impose liability on any of the defendants.

Ms. Coleman also relies on the first line of the article, which states that "[s]tate education officials ordered the Monticello Academy Director be placed on paid administrative leave pending an investigation into allegations of financial mismanagement at the West Valley City charter school." (Id.) Ms. Coleman initially claimed that Mr. Allen provided this information to the newspaper, but Mr. Allen denied making the statement and there is no evidence that he was the source. Ms. Coleman now argues that, if Mr. Allen did not make the statement, it must have been Ms. Burns. But Ms. Coleman's conclusion is based on pure speculation. Even viewing the evidence and drawing inferences in Ms. Coleman's favor, she has not identified any evidence to support the conclusion that Ms. Burns spoke to or gave any information to the article's author. In

11

sum, the statements in the article either are not defamatory or cannot be attributed to a specific defendant. As a result, the article cannot be used as the basis for a liberty interest claim.

Finally, Ms. Coleman relies on a statement in the minutes of the August 13, 2009 SCSB meeting. Defendants maintain that Ms. Coleman ceased to be the Monticello Director when her contract was not renewed on June 30, 2009, and because the August 13, 2009 meeting was about two months later, any statements in the minutes could not have been made in the course of Ms. Coleman's termination.

The Tenth Circuit has explained that "publication of defamatory statements need not be strictly contemporaneous with a termination to occur in the course of the termination of employment." Renaud v. Wyo. Dep't of Family Servs., 203 F.3d 723, 727, (10th Cir. 2000). Rather, "[a] roughly contemporaneous statement made incident to the termination that concerns the manner or reasons for the employee's termination may qualify as one made in the course of termination of employment." Bjorklund v. Miller, 467 F. App'x 758, 768 (10th Cir. 2012) (quotations and alterations omitted). In addition to proving that the statement was made in the course of termination, Ms. Coleman must also prove that the minutes foreclosed other job opportunities. In Workman, the Tenth Circuit said that a statement underlying a liberty interest claim "must occur in the course of terminating the employee or must foreclose other employment opportunities." 32 F.3d at 481 (emphasis added). Although it stated this element disjunctively, the Tenth Circuit has since held that a plaintiff must prove that the relevant statement occurred in the course of termination and that it foreclosed other employment opportunities. See, e.g., Guttman v. Khalsa, 669 F.3d 1101, 1126 (10th Cir. 2012); Renaud v. Wyo. Dep't of Family Servs., 203 F.3d 723, 727, 728 n.1 (10th Cir. 2000).

12

The August 13, 2009 meeting minutes reflect the SCSB's finding that Ms. Coleman "was directly and unilaterally responsible for intimidating and/or directly instructing at least one Monticello Academy employee to deny special education services to Monticello Academy students." (Meeting Minutes, Aug. 13, 2009, at COLEMAN PRD 001758, ECF No. 87-37.) This statement was included in minutes of a meeting where the SCSB was discussing Ms. Coleman's termination. And the statement deals with the very reasons for the SCSB's decision to direct Ms. Coleman's removal as Monticello Director. Because the statement was made incident to and concerned the reasons for Ms. Coleman's removal, a jury could conclude that the statements were made in the course of Ms. Coleman's termination.

But Ms. Coleman has not provided any evidence of specific job opportunities that she lost as a result of the statement in the August 13, 2009 minutes. Although Ms. Coleman alleges generally that her professional reputation was damaged by Defendants' conduct, she has not described any position that she applied for or how her ability to obtain a specific job was affected by Defendants' statement. At oral argument, Ms. Coleman's counsel argued that Defendants foreclosed Ms. Coleman's opportunity to work as Director at Monticello. Ms. Coleman may not use the loss of her job as Director as the basis for her liberty interest claim; she must identify and prove that Defendants' statements "foreclosed other job opportunities." Workman, 32 F.3d at 481 (emphasis added).

In the absence of evidence of lost job opportunities resulting from the August 13, 2009 meeting minutes, and with insufficient evidence to support liability for Defendants' other statements, Ms. Coleman cannot prevail on her liberty interest claim. As a result, the court grants summary judgment in Defendants' favor.

13

**CONCLUSION**

For the foregoing reasons, the Motion for Summary Judgment and Supporting

Memorandum of Defendants Brian Allen, Julie Adamic, Yolanda Francisco-Nez, Tom Morgna,

Scott Smith, and John Pingree (ECF No. 85) is GRANTED.  Marlies Burns' Motion for

Summary Judgment (ECF No. 86) is also GRANTED.

DATED this 20th day of August, 2015.

BY THE COURT:

*Tena Campbell*

TENA CAMPBELL
U.S. District Court Judge

14

AO 450 (Rev.5/85) Judgment in a Civil Case

# United States District Court

Central Division for the District of Utah

FILED
U.S. DISTRICT COURT

2015 JUL -2  A 10: 33

DISTRICT OF UTAH

BY:_____
DEPUTY CLERK

KIM FITZPATRICK COLEMAN, an
individual,

        Plaintiff

        v.

UTAH STATE CHARTER SCHOOL
BOARD, MARLIES BURNS, an individual,
BRIAN ALLEN, an individual, TOM
MORGAN, an individual, JULIE ADAMIC,
an individual, YOLANDA FRANCISCO-
NEZ, an individual, SCOTT SMITH, an
individual, JOHN PINGREE, an individual,
TIM BEAGLEY, an individual and CAROL
LEAR, an individual,

        Defendants

**JUDGMENT IN A CIVIL CASE**

Case Number:2:10-CV-1186-TC

IT IS ORDERED AND ADJUDGED

that judgment be entered in favor of the defendants; plaintiff's cause of action is dismissed with
prejudice.

September 1, 2015

_____

*Date*

D. Mark Jones

_____

*Clerk of Court*

*(By) Deputy Clerk*

GARY L. JOHNSON [4353]
ZACHARY E. PETERSON [8502]
RICHARDS BRANDT MILLER NELSON
*Attorneys for Plaintiff//Appellant*
Wells Fargo Center, 15th Floor
299 South Main Street
P.O. Box 2465
Salt Lake City, Utah  84110-2465
E-Mail:  gary-johnson@rbmn.com
             zachary-peterson@rbmn.com
Telephone: (801) 531-2000
Fax No.: (801) 532-5506

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| KIM FITZPATRICK COLEMAN, an individual,<br><br>        Plaintiff/Appellant,<br><br>vs.<br><br>MARLIES BURNS, an individual; BRIAN ALLEN, an individual; TOM MORGAN, an individual; JULIE ADAMIC, an individual; YOLANDA FRANCISCO-NEZ, an individual; SCOTT SMITH, an individual; JOHN PINGREE, an individual; and JOHN DOES 1-X, individuals,<br><br>        Defendants/Appellees. | **NOTICE OF APPEAL**<br><br><br>Civil No. 2:10cv01186<br><br>Judge Tena Campbell<br><br>Magistrate Dustin B. Pead |

Notice is hereby given that Plaintiff/Appellant, Kim Fitzpatrick Coleman, through

counsel and the law firm of Richards Brandt Miller Nelson, hereby appeals to the United

States Court of Appeals for the Tenth Circuit from the granting of Defendants' motions for

summary judgment and the corresponding dismissal of this case by the Honorable Tena

Campbell. The Court issued its Memorandum Decision and Order granting motions for

summary judgment on August 20, 2015, which was confirmed in docket entry # 109, and formal

Judgment was issued on September 2, 2015 (docket entry # 110). This appeal is taken from the

entire dismissal of this case, including associated rulings, including Order granting motions to

dismiss dated 9/28/11 (docket entry # 32), and Order denying motion to amend dated 5/25/12

(docket entry #52).

　　　　DATED this 25th day of September, 2015.

　　　　　　　　　　　　　　　　　RICHARDS BRANDT MILLER NELSON


　　　　　　　　　　　　　　　　　_____/s/ Zachary E. Peterson_____
　　　　　　　　　　　　　　　　　Gary L. Johnson
　　　　　　　　　　　　　　　　　Zachary E. Peterson
　　　　　　　　　　　　　　　　　*Attorneys for Plaintiff/Appellant*

2

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on the 25th day of September, 2015, I electronically filed the foregoing Notice of Appeal with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:


Jason D. Boren
Erin T. Middleton
Zaven A. Sargsian
BALLARD SPAHR LLP
201 S. Main Street, Suite 800
Salt Lake City, UT 84111-2221
borenj@ballardspahr.com
middletone@ballardspahr.com
*Attorneys for Defendants/Appellees*


           * /s/ Zachary E. Peterson *


G:\EDSI\DOCS\99000\0030\1303705.DOC